UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FADI EL BITAR,<br><br>                    Petitioner,<br><br>        v.<br><br>JULIO HERNANDEZ, et al.,<br><br>                    Respondents. | Case No. 2:26-cv-00919-TMC<br><br>ORDER TO SHOW CAUSE |

## I.    ORDER

This matter comes before the Court on review of the Court record.

Petitioner argues that the six-month "presumptively reasonable" period for detention established in *Zadvydas v. Davis* does not bar habeas relief in his case, even though he has been detained for less than six months. Dkt. 1 at 2 (quoting 533 U.S. 678 (2001)). In doing so, Petitioner provides several citations referencing cases that do not support his argument or do not contain the text he quotes. For example, Petitioner provides the following argument and citation in his habeas petition:

> While *Zadvydas* established a six-month "presumptively reasonable" period for the government to coordinate travel logistics, the Ninth Circuit has explicitly held that this presumption is not a safe harbor. Where removal is legally or practically impossible, "detention is not permitted... even if the detention period has not yet

ORDER TO SHOW CAUSE - 1

exceeded six months." *Thai v. Ashcroft*, 366 F.3d 790 (2004), *Nadarajah v. Gonzales*, 443 F.3d 1069 (2006).

Dkt. 1 at 2. The quoted text in this citation does not appear in either *Thai* or *Nadarajah*. Neither case supports the proposition that detention after a final order of removal may violate due process even if it falls within the six-month "presumptively reasonable" period. Indeed, the petitioners in both cases were detained for longer than six months, meaning that their detention was no longer presumptively reasonable. *See Thai*, 366 F.3d at 792 (petitioner's detention exceeded 16 months); *Nadarajah*, 443 F.3d at 1080 ("[t]he nearly five-year detention in this case far exceeds both any period of confinement found reasonable by the Court, and the six-month period of presumptive reasonableness.").

Petitioner makes two additional, similarly-flawed citations in his habeas petition and reply brief:

> However, continued detention is not permissible even if the six-month period has not yet elapsed when removal is no longer reasonably foreseeable. *Thai v. Ashcroft*, 366 F.3d 790 (2004), *Nadarajah v. Gonzales*, 443 F.3d 1069 (2006).

Dkt. 1 at 7;

> In the Ninth Circuit, the six-month period established in *Zadvydas v. Davis*, 533 U.S. 678 (2001), is a presumption, not a safe harbor. Nadarajah explicitly dictates that "detention is not permitted where removal is not 'reasonably foreseeable.' This is true even if the detention period has not yet exceeded six months." *Nadarajah*, 443 F.3d at 1080 (emphasis added). By ignoring this controlling precedent, Respondents ask this Court to apply an incorrect, rigidly temporal legal standard.

Dkt. 10 at 3.

Federal Rule of Civil Procedure 11 "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11 provides, in relevant part, that:

ORDER TO SHOW CAUSE - 2

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b)(2). "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3).

The type of citation errors contained in Petitioner's brief often occur as the result of using generative artificial intelligence without checking the citations generated by the program. The Court has no formal rule against the use of generative artificial intelligence to write pleadings and briefs. To the extent attorneys use these tools, they remain bound by Rule 11 to submit truthful legal and factual contentions. Regardless of any use of generative artificial intelligence, erroneous citations suggest Petitioner's counsel submitted these filings without "conduct[ing] a reasonable inquiry into the facts and the law" as required by Rule 11(b). *Oneto v. Watson*, No. 22-CV-05206-AMO, 2025 WL 2901666, at *1 (N.D. Cal. Oct. 10, 2025) (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542 (1991)). "When confronted with similar situations, courts have ordered the filing attorneys to show cause why sanctions or discipline should not issue." *Wadsworth v. Walmart Inc.*, No. 2:23-CV-118-KHR, 2025 WL 515094, at *2 (D. Wyo. Feb. 6, 2025) (collecting cases). The Court finds such an order is appropriate here.

## II.    CONCLUSION

For the reasons discussed above, the Court ORDERS Petitioner's counsel to SHOW CAUSE by May 21, 2026 why they should not be sanctioned pursuant to Rule 11.

ORDER TO SHOW CAUSE - 3

The written submission shall take the form of a sworn declaration. Plaintiff's counsel shall (1) account for all incorrect, misleading, or nonexistent citations and all incorrect or misleading assertions submitted to this Court; (2) provide a thorough explanation for how the incorrect citations discussed in this order were found or generated; and (3) to the extent that they used any artificial intelligence programs in preparing the submissions discussed in this order or any other submissions to this Court, Plaintiff's counsel shall include the names of those programs in their declaration(s).

Dated this 30th day of April, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER TO SHOW CAUSE - 4