UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FADI EL BITAR,

                    Petitioner,

        v.

JULIO HERNANDEZ, et al.,

                    Respondents.

Case No. 2:26-cv-00919-TMC

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

Petitioner Fadi El Bitar is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. He petitions the Court under 28 U.S.C. § 2241 for relief from physical custody, arguing that his detention has become indefinite in violation of the Immigration and Nationality Act ("INA"). Dkt. 1.

For the reasons stated below, the Court GRANTS the petition.

## I.    BACKGROUND

Petitioner is a native and citizen of Lebanon who crossed the U.S.-Mexican border and entered the U.S. without inspection on January 22, 2025. Dkt. 8 ¶ 4; Dkt. 9-1. Petitioner was then transferred to NWIPC on February 2. Dkt. 8 ¶ 5. The Department of Homeland Security ("DHS") conducted a credible fear assessment on April 16 and found that Petitioner was not at risk of being tortured upon return to Lebanon. Dkt. 9-2. Petitioner was charged as removeable to

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

Lebanon under INA § 212(a)(6)(A)(i) for being present in the U.S. without being admitted or paroled. Dkt. 9-4 at 2.

From July to October 2025, Petitioner attended immigration hearings concerning the merits of his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Dkt. 8 ¶ 11. On October 16, the Immigration Judge ("IJ") denied his requests for asylum and withholding of removal. Dkt. 9-6. The IJ granted CAT relief, however, withholding Petitioner's removal to Lebanon. Dkt. 9-6 at 5.

Respondents kept Petitioner detained at NWIPC and sought his removal to a third country. Dkt. 1 ¶ 17; Dkt. 8 ¶ 12. "[T]ravel document requests were sent to England, Canada, and Australia, per Petitioner's request." *Id*. On February 7, 2026, U.S. Immigration and Customs Enforcement ("ICE") conducted a post-order custody review and determined that Petitioner should not be released from ICE custody. Dkt. 9-8. Petitioner remains detained at NWIPC. Dkt. 1 ¶ 8.

On March 18, 2026, Petitioner filed a petition for writ of habeas corpus, arguing that his removal to Lebanon is not reasonably foreseeable and asking the Court to order his release from detention. Dkt. 1. The government responded on April 2, and Petitioner replied on April 7. Dkts. 7, 10. On April 28, the Court issued the following minute order:

> The Court has reviewed the parties' submissions, including Respondents contention that Petitioner's detention falls within the six-month "presumptively reasonable" period of Zadvydas v. Davis, 533 U.S. 678 (2001), and that they have submitted travel documents to several third countries upon Petitioner's request. Dkts. 7, 8. Respondents are thereby ORDERED to provide any supplemental evidence of efforts to secure Petitioner's removal by May 28, 2026. The Court will consider any such evidence in its ruling on the habeas petition.

Dkt. 11.

The government did not respond to the Court's order by the May 28 deadline, instead asking to submit a late response on May 29 because it "inadvertently calendared"

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

the Court's deadline for the wrong date. Dkt. 17. Respondents' counsel submitted a declaration averring that he received updates on Petitioner's removal from ICE counsel on May 27. Dkt. 19. He noted that Petitioner "declined to provide any information or assistance in identifying a potential third country for removal" in April 2026 and that "no responses had been received from any third countries regarding acceptance of Petitioner." *Id.* ¶ 3.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

In *Zadvydas v. Davis*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. 678, 699 (2001). Applying the doctrine of constitutional avoidance, the Court explained that such an interpretation was necessary "to avoid a serious constitutional threat." *Id.* As the Court recognized, "[a] statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem [under] . . . [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* The Court concluded that, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

### III.    DISCUSSION

Petitioner is a noncitizen who has been present in the United States for 16 months. Dkt. 8 ¶ 4. He is entitled to the protections of the Due Process Clause. See *Zadvydas*, 533 U.S. at 693. Having been detained already for over six months after an IJ withheld his removal to Lebanon, Petitioner's continued detention is not "presumptively reasonable."[1] *Zadvydas*, 533 U.S. at 701. And Petitioner's evidence showing (1) that he obtained CAT relief precluding his removal to Lebanon (the only country listed on his removal order), *see* Dkt. 9-6; and (2) the government's failure to deport Petitioner to any third country for the past six months, Dkt. 1 ¶ 17, "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

The burden thus shifts to the government to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Despite having ample time to provide this evidence, the government has failed to do so.

In a declaration filed on April 2, 2026, ICE deportation officer Brett Booth stated that "travel document requests were sent to England, Canada, and Australia, per Petitioner's request." Dkt. 8 ¶ 12. Booth provided no other information on ICE's attempts at third-country removal, such as whether ICE received any response to those requests, the length of time that it might take to receive a response, or the likelihood that any of those countries would accept Petitioner. On April 28, the Court ordered Respondents to "provide any supplemental evidence of efforts to secure Petitioner's removal by May 28." Dkt. 11.

---

[1] In his petition and traverse, Petitioner cited two cases for the proposition that his detention was unlawful even before this six-month period expired. Dkt. 1 ¶ 33; Dkt. 10 at 3. As discussed in this Court's order to show cause, the cited cases do not support Petitioner's assertion and the quoted text appears to be hallucinations fabricated by an artificial intelligence program. Dkt. 12. Petitioner's counsel has responded to the Court's order, Dkts. 13, 14, and the Court will address potential Rule 11 sanctions for the errant citations in a separate order.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

The government responded to the Court's request one day after the May 28 deadline. Dkts. 17, 18, 19. Confusingly, the government now asserts that "Petitioner has not provided any information regarding his third country of choice," Dkt. 18 at 2, contradicting Booth's earlier declaration that Petitioner requested removal to three other countries. Dkt. 8 ¶ 12. Despite Respondents' vague assurances they "are engaged in ongoing, good-faith efforts to secure Petitioner's removal," Dkt. 18 at 2, their only useful update is that "no responses ha[ve] been received from any third countries regarding acceptance of Petitioner." Dkt. 19 ¶ 3.

Even considering the late response, Respondents' evidence is not persuasive enough to rebut Petitioner's showing that his detention has become indefinite. The government has shown no indication that its removal requests to third countries—whether requested by Petitioner or not—will bear fruit. Removal seems even less likely now, because the government's response implies it will be unable to remove Petitioner so long as he declines third-country removal.[2] *See* Dkt. 18 at 2 ("[ICE Enforcement and Removal Operations] stands ready to proceed expeditiously once Petitioner furnishes the necessary details or alternative arrangements can be identified.").

Because there is not a likelihood that Petitioner can be removed to Lebanon or any other country in the reasonably foreseeable future, his detention is no longer permitted by the INA as

---

[2] The INA dictates the countries to which a noncitizen may be removed after a final order of removal is issued. *Jama v. ICE*, 543 U.S. 335, 338–41 (2005); *Dzyuba v. Mukasey*, 540 F.3d 955, 956 (9th Cir. 2008) (per curiam). In order of priority, a noncitizen may be removed to (1) a country designated by the noncitizen; (2) a country of which the noncitizen is a subject, national, or citizen; or (3) a country with which the noncitizen has a lesser connection. 8 U.S.C. § 1231(b)(2). If the above options are "impracticable, inadvisable, or impossible," the noncitizen may be removed to "another country whose government will accept the alien into that country." 8 U.S.C. § 1231(b)(2)(E)(vii); *Jama*, 543 U.S. at 341. If DHS decides to remove a noncitizen to a country not identified in their removal order, it must provide notice and an opportunity to be heard on claims of asylum and withholding of deportation to that country. *Ibarra-Perez v. United States*, 154 F.4th 989, 995 (9th Cir. 2025) (citing *Andriasian v. INS*, 180 F.3d 1033, 1041 (9th Cir. 1999)).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

construed in *Zadvydas*. *See* 533 U.S. at 699–700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."). Petitioner's detention is unlawful and he must be released. *See Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *7 (E.D. Cal. July 16, 2025) (allowing release upon a finding that removal was not reasonably foreseeable). The Court therefore GRANTS the petition for writ of habeas corpus. Dkt. 1.

## IV.    CONCLUSION

For these reasons, the Court GRANTS the petition for writ of habeas corpus. Dkt. 1.

1.    Respondents are ORDERED to release Petitioner Fadi El Bitar from custody[3] within ONE day of this Order.

2.    Counsel for Respondents shall submit a status report to the Court by the end of the day on June 2, 2026 confirming Petitioner's release.

Dated this 1st day of June, 2026.

Tiffany M. Cartwright
United States District Judge

---

[3] Subject to reasonable terms of supervision set forth in 8 U.S.C. § 1231(a)(3). *See* 8 U.S.C. § 1231(a)(6) ("[I]f released, [a noncitizen ordered removed] shall be subject to the terms of supervision in paragraph (3)).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6