UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FADI EL BITAR,

Petitioner,

v.

JULIO HERNANDEZ, et al.,

Respondents.

Case No. 2:26-cv-00919-TMC

ORDER ON SANCTIONS

On April 30, 2026, this Court found that Petitioner's habeas petition (Dkt. 1) and traverse (Dkt. 10) contained citation errors which appeared to be "the result of using generative artificial intelligence without checking the citations generated by the program." Dkt. 12 at 3. The Court ordered Petitioner's counsel to show cause as to why they should not be sanctioned pursuant to Rule 11. *Id*. at 3–4. Within 24 hours, Julian Mansoor Daman—counsel responsible for drafting Petitioner's briefs—filed a declaration explaining the origin of the errant citations. Dkt. 13.

**I.    ORDER**

Federal Rule of Civil Procedure 11 "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11 provides, in relevant part, that:

ORDER ON SANCTIONS - 1

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b)(2). "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3).

Courts have "wide discretion in determining the appropriate sanction for a Rule 11 violation." *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Petitioner's briefs cited two cases—*Thai v. Ashcroft*, 366 F.3d 790 (2004) and *Nadarajah v. Gonzales*, 443 F.3d 1069 (2006)—for the proposition that immigration detention after a final order of removal may violate due process even if it falls within the six-month "presumptively reasonable" period established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Dkt. 12 at 1–2. Neither case supported this assertion. The quoted text Petitioner included did not exist. In both cases, the petitioners were detained for longer than six months, meaning that their detention was no longer presumptively reasonable under *Zadvydas*. *See Thai*, 366 F.3d at 792 (petitioner's detention exceeded 16 months); *Nadarajah*, 443 F.3d at 1080 ("[t]he nearly five-year detention in this case far exceeds both any period of confinement found reasonable by the Court, and the six-month period of presumptive reasonableness."). The Court thus ordered Petitioner's counsel to file a sworn declaration and:

> (1) account for all incorrect, misleading, or nonexistent citations and all incorrect or misleading assertions submitted to this Court; (2) provide a thorough explanation

ORDER ON SANCTIONS - 2

for how the incorrect citations discussed in this order were found or generated; and (3) to the extent that they used any artificial intelligence programs in preparing the submissions discussed in this order or any other submissions to this Court, Plaintiff's counsel shall include the names of those programs in their declaration(s).

Dkt. 12 at 4.

Petitioner's counsel responded to the Court's order promptly, filing a declaration later that same day. Dkt. 13. Counsel averred that "a group of legal interns" assigned to research had used Google Gemini to generate text used in the filings. *Id*. ¶ 5. The program "fabricated the quotes and confidently presented this information as binding Ninth Circuit precedent." *Id*. ¶ 6. Counsel further states that his interns "failed to mention this to [him], and have since been released from [his] employ." *Id*. Counsel apologized, accepting "full and complete responsibility for the errors contained in these filings" and stated that his "critical failure under Rule 11 was relying on [his] interns' research without conducting his own independent verification of its authenticity." *Id*. ¶¶ 2, 7.

"The signing attorney cannot leave it to some trusted subordinate, or to one of his partners, to satisfy himself that the filed paper is factually and legally responsible; by signing he represents not merely the fact that it is so, but also the fact that he personally has applied his own judgment." *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 125 (1989). By signing Petitioner's briefs, counsel—rather than his interns or the artificial intelligence program they used—"confidently presented" fabricated quotes to this Court. "[I]t is of no consequence whether [counsel] used AI to draft the brief because '[c]iting nonexistent case law or misrepresenting the holdings of a case is making a false statement to a court,' regardless of whether generative AI suggested the content." *Oneto v. Watson*, 808 F. Supp. 3d 974, 980 (N.D. Cal. 2025) (quoting *United States v. Hayes*, 763 F. Supp. 3d 1054, 1067 (E.D. Cal. 2025)).

ORDER ON SANCTIONS - 3

"Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." *Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 497 (D. Wyo. 2025) (quoting *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990)). Sanctions for fabricated citations may include "(1) monetary sanctions, (2) striking the filing containing erroneous citations, (3) requiring written notification to the client, (4) requiring written notification to judges incorrectly identified as having authored nonexistent cases, and (5) referring attorneys to the appropriate disciplinary body for disciplinary proceedings." *Id*. Courts addressing similar misconduct have issued fines between $1,000 and $5,000. *See id*. (collecting cases).

The Court recognizes that "any sanction imposed must be proportionate to the offense and commensurate with principles of restraint and dignity inherent in judicial power." *Id*. (quoting *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989)). It also recognizes that several facts weigh against a severe sanction here, including that (1) counsel quickly filed a declaration admitting fault and explaining the origin of the false citations; (2) there is no record of counsel committing similar Rule 11 violations in the past; and (3) the errant citations were disregarded by the Court and did not affect Petitioner's habeas proceedings. *See* Dkt. 21 at 4 n.1. Given these facts, the Court finds that a financial penalty of one thousand dollars ($1,000) against the drafting attorney, along with this public reprimand, is sufficient to deter future abuse.

Petitioner's other attorney, Jennifer Nimer, served as Washington local counsel only and was not involved in the drafting of Plaintiffs' briefs. Dkt. 13 ¶ 3; Dkt. 14 ¶ 2. But as an attorney signing the brief, she too "had a nondelegable duty to ensure a motion or filing is supported by existing law." *Wadsworth*, 348 F.R.D. at 498–99; *see also id.* at 498 (discussing $2,500 fine "for the local counsel for serving as a rubber stamp for attorney admitted pro hac vice"). The Court

ORDER ON SANCTIONS - 4

will not fine Ms. Nimer on this occasion but reprimands her for improperly delegating her Rule 11 obligations to the pro hac vice attorney she had sponsored.

The Court therefore ORDERS the following sanction for violation of Federal Rule of Civil Procedure 11(b):

1.    Attorney Julian Mansoor Daman is personally sanctioned in the amount of $1,000. Within 21 days of the date of this order, Daman shall pay this sanction to the Clerk of the Court. The case number and a copy of this order should be included with payment.

2.    The order to show cause issued on April 30, 2026 (Dkt. 12) is hereby discharged.

Dated this 2nd day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER ON SANCTIONS - 5